# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>ARLENE WALSH,<br><br>                    Debtor | Chapter 13<br>Case No. 06-11317-RS |

## MEMORANDUM OF DECISION REGARDING
## TRUSTEE'S OBJECTION TO CONFIRMATION
## OF DEBTOR'S CHAPTER 13 PLAN

Before the Court is the Chapter 13 trustee's objection to confirmation of the Debtor's Chapter 13 plan.[1]  The Debtor opposes the objection.  At issue is whether the plan's proposed distribution to creditors satisfies the so-called best interests test set forth in Section 1325(a)(4) of the Bankruptcy Code.  The trustee contends that the plan does not meet that test; the Debtor contends that it does.  For the reasons set forth below, the Court overrules the Chapter 13 trustee's objection to confirmation of the Debtor's Chapter 13 plan.

### Procedural Status

The Debtor commenced this Chapter 13 case on May 8, 2006 ("Petition Date").  On May 24, 2006, she filed schedules listing her co-ownership (with her non-debtor husband) of a Charlestown property ("Property") and her claim of a homestead exemption as to the Property ("Homestead Claim").  On that same date, the Debtor filed a Chapter 13 plan ("Plan").

The Chapter 13 trustee ("Trustee") objects to confirmation of the Plan, contending that, in the circumstances of this case, the Homestead Claim is subject to a $125,000 cap and that the Plan does not reflect this cap.  The Debtor disputes the applicability of the cap to the Homestead Claim or the Plan and seeks confirmation of the Plan.  I held a non-evidentiary hearing on these

---

[1]The trustee has also objected to the Debtor's homestead exemption claim.  Consideration of that claim is pertinent to this decision but is not its subject.

matters on September 14, 2006, took them under advisement and now render my decision.

## Background

The underlying facts in this matter are not disputed and are summarized below.

The Debtor and her husband acquired the Property in 1977 as tenants by the entirety and have since occupied it as their principal residence ("Residence"). After that original acquisition, they engaged in a series of conveyances, transferring title to the Residence from one to another to both to a related trust and back. The Debtor explains these frequent transfers as prompted by refinancing considerations. The Trustee does not dispute this explanation.

In the most recent transfer, on May 2, 2005, the Debtor's husband reconveyed his then-sole ownership interest in the Property to the Debtor and himself as tenants by the entirety. Thus, the Debtor acquired her current ownership interest in the Residence 371 days before the Petition Date. On that same date, the Debtor's husband recorded a declaration of homestead as to the Residence under the Massachusetts homestead statute, thereby acquiring a Massachusetts estate of homestead therein, M.G.L.A. c. 188 § 1 et seq. ("Homestead Estate") ("Homestead Statute"). The Debtor values the Residence at $680,000 and acknowledges a secured first mortgage claim of $409,560, thus yielding a net equity of $271,440, which she maintains is fully protected by the Homestead Claim and properly excluded from the Plan.

The Trustee invokes the provisions of a newly-enacted subsection of the Bankruptcy Code which imposes a $125,000 cap on a debtor's state law homestead exemption claim if the debtor acquired his/her interest in the subject property during the 1215-day period before case commencement. The Trustee does so to obtain disallowance of the Homestead Claim in excess of $125,000 and denial of confirmation of the Plan because it does not distribute that excess to

2

unsecured creditors.[2]

If the Homestead Claim is not subject to the cap, then unsecured creditors will be entitled to receive only a one percent distribution under the Plan. If the Homestead Claim is subject to the $125,000 cap, then unsecured creditors would be entitled to receive a one hundred percent distribution under the Plan. Thus, the stakes are fixed and the matter joined.

## Discussion

**a.**     *Rules of Engagement*

Homestead exemptions must be liberally construed in favor of debtors. *Dwyer v. Cempellin*, 424 Mass. 26, 29, 673 N.E. 2d 863 (1996); *Shamban v. Masidlover*, 429 Mass. 50, 53, 705 N.E. 2d 1136 (1999). The purpose of the Homestead Statute is to protect a home from claims of creditors for the benefit of the homestead declarant and his or her family. *In re Fiffy*, 281 B.R. 451, 454 (Bankr. D. Mass. 2002). The Trustee bears the burden of proof as to the disallowance of or limitation on a homestead exemption claim. Fed. R. Bankr. P. 4003(c). See also *In re Vasques*, 337 B.R. 255, 256-257 (Bankr. D. Mass. 2006).

**b.**     *The Homestead Statute*

The Homestead Statute reads in pertinent part as follows:

> An estate of homestead to the extent of $500,000 in the land and buildings may be acquired . . . by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence.
>
> . . . an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, that only one owner may

---

[2] The Trustee does not dispute the validity of the Homestead Claim but rather seeks to limit its allowed amount to the $125,000 cap.

> acquire an estate of homestead at any such home for the benefit of his family; and provided further, that an estate of homestead may be acquired in only one principal residence for the benefit of a family. For the purposes of this chapter, the word "family" shall include either a parent and child or children, husband and wife with their children, if any, or a sole owner.

M.G.L.A. c. 188, § 1.

I have previously observed that the Homestead Statute protects a property occupied as a principal residence by a declarant and his family members, preserving equity value up to $500,000 as exempt from creditors in the claims collection process. I view the homestead estate as protecting the *economic* interest of a homesteading family as much as their *legal* interest or the home itself. See *Vasques* at 257. See also *In re Melito,* 2007 WL 30336 (Bankr. D. Mass. 2007).

c.   **Bankruptcy Law**

   1.   *Exemptions*

Section 522 of the Bankruptcy Code affords an individual debtor the opportunity to elect exemptions available either under federal bankruptcy law or under nonbankruptcy federal, state and local law. 11 U.S.C. § 522(b)[3]. The Homestead Statute is included in that non-bankruptcy exemption law, and the Debtor makes her claim under the Homestead Statute. The 2005 amendments to the Code introduced several constraints on a state law homestead exemption claim.[4] In particular, newly added Section 522(p) provides that "a debtor may not exempt any

---

[3]This election is available in states such as Massachusetts which have not opted out of such exemption choice system.

[4]See The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-3 ("2005 Amendments").

amount of interest that was acquired by the debtor during the 1215-day period preceding the date of the filing of the petition that exceeds . . . $125,000 in value in . . . real . . . property that the debtor or a dependent of the debtor uses as a residence." 11 U.S.C. §522(p)(1)(A). This $125,000 cap "does not include any interest transferred from a debtor's previous principal residence (which was acquired prior to the beginning of such 1215-day period) into the debtor's current principal residence, if the debtor's previous and current residences are located in the same State." 11 U.S.C. §522(p)(2)(B).

### 2. *Plan Confirmation*

The Code requires confirmation of the Plan if, among other determinations, I find that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of [Title 11] on such date." 11 U.S.C. § 1325(a)(4). This subsection comprises the so-called "best interests test" by which the Court must determine that unsecured creditors are to receive in the Chapter13 case at least what they would receive in a Chapter 7 case. *Compare* 11 U.S.C. §1129(a)(7) (best interests test in Chapter 11 plan confirmation setting). I cannot make that best interests finding if the $125,000 cap applies in the Debtor's chapter 7 case yet excess value above the cap is, as here, excluded from the Plan.

### d. *Positions*

The Trustee argues as follows: (a) the Debtor's exemption claim in respect of the Residence is subject to the $125,000 cap because she acquired her interest in the Residence during the 1215-day period prior to the Petition Date (specifically, on the 371st date before the Petition Date); (b) when effect is given to the $125,000 cap, $146,440 in net equity in excess of

5

the cap is available to the estate for distribution to unsecured creditors, which would permit payment of their claims in full in a case under Chapter 7; (c) the proposed distribution in Chapter 13 is less than creditors would receive in such a distribution under Chapter 7; (d) hence, the best interests test of Section 1325(c)(4) is not met; and (e) accordingly, the Plan cannot be confirmed.

The Debtor argues as follows: (a) her exemption claim derives from the declaration of her non-debtor spouse; (b) the homestead estate effectuated by such declaration benefits not only the declarant but the declarant's family (including the Debtor); (c) her current ownership interest in the Residence derives from her original ownership interest which she conveyed to her husband and which her husband reconveyed to her; (d) legislative history indicates that Section 522(p)(1) was designed to close the so-called "mansion loophole" (by which debtors divert otherwise non-exempt assets into residences located in jurisdictions where state law exemptions provide more advantageous homestead protection), a loophole not here employed; and (e) lastly, in Massachusetts, the tenancy by the entirety by which she and her husband hold title to the Residence constitutes a single and unitary tenancy which neither can compromise or burden without the consent of the other, and therefore, even if the homestead exemption were capped, all equity in the property would remain beyond the reach of creditors. Nothing in the Bankruptcy Code or the 2005 Amendments enables a trustee to override the rights of the non-debtor spouse and to force upon that non-debtor spouse a cap of the homestead exemption.

## Analysis

I have previously determined that the Massachusetts homestead exemption protects a declarant's debtor family member from the claims of that family member's creditors where the debtor family member principally resides in the subject home. That protection is available to

such family member whether in or out of bankruptcy. *Vasques* at 257.[5]  Here, it is clear that the Debtor is entitled to the homestead protection under the Homestead Estate, and the Trustee does not contend otherwise. The Trustee *does* contend that such protection as reflected in the Homestead Claim is subject to the $125,000 cap.

I disagree that the cap applies in the circumstances of this case. I reach this conclusion not by reference to the protections available to the *Debtor* under the *Homestead Claim* but rather by reference to the protections available to the Debtor's *spouse* under the *Homestead Estate*. Upon reflection, the issue for determination is not whether the Homestead Claim is allowable, with or without a cap. Rather, the issue is whether the distribution to unsecured creditors, as calculated and provided under the Plan as of its effective date, is not less than unsecured creditors would receive in the Debtor's Chapter 7 case, were that to occur. That standard is clearly met when the Homestead Statute is properly parsed and applied.

The Homestead Statute protects the Residence and the economic interest therein of the declarant and his or her resident family members to the extent of $500,000 in net equity. Thus, wholly apart from the allowance or disallowance of the Homestead Claim, the Debtor's spouse can invoke the Homestead Estate as a protection against or bar to the claims of creditors of the Debtor, and he can do so whether or not his wife is a bankruptcy debtor, and even in his wife's Chapter 7 case. He can do so because he is invoking not *her* right to protection but rather *his* right, and he does so not to protect *her* interest in the Residence under the Homestead Claim but rather to protect *his* interest in the Residence under the Homestead Estate. Hence the Debtor's exclusion of the net equity in the Residence from the distribution to general creditors under the

---

[5]Vasques is a pre-2005 Amendments case. Hence, the Section 522(p)(1) cap was not at issue.

Plan reflects compliance with Section 1325(a)(4): in the Debtor's Chapter 7 case, general creditors would not receive the benefit of the equity above the amount of the cap, and therefore they would receive no distribution; under the Plan, general creditors will receive a one percent distribution. The best interests test is thus met.

If the Debtor were the homestead declarant and the sole owner and the sole occupant of the Residence, then the applicability of the cap would (at least arguably) be clear: in that case, the only person protected by the homestead estate would be the debtor herself, who, in seeking the benefits of bankruptcy, would voluntarily subject herself to the limitations on such benefits, including the cap on a state law homestead exemption claim. Here, however, it is the non-debtor husband who can invoke the full Massachusetts homestead protections for his benefit and that of his family without regard to his wife's bankruptcy and, because he is not the debtor, without being subject to any limitations that would otherwise be applicable were he in bankruptcy. He can (and presumably would) assert his state law homestead exemption protection unlimited by the federal bankruptcy law $125,000 cap notwithstanding his debtor spouse's Chapter 7 case. That unlimited exemption is the proper measure in the liquidation analysis required under the best interests test to ascertain what would be distributed to unsecured creditors in that Chapter 7 case.

Hence, the Trustee is incorrect in her conclusion that the Plan does not comply with the best interests test, since the requisite calculation of the distribution to unsecured creditors properly excludes the entire net equity in the Residence and not just the net equity to the extent of the $125,000 cap.

**Conclusion**

The Residence is protected by a valid, effective and enforceable Massachusetts homestead estate, which the Debtor's non-debtor husband can invoke to protect the full amount of the Residence's net equity (subject to the state law $500,000 cap, not here implicated). Therefore, if the estate of the Debtor were liquidated under chapter 7, the full amount of the Residence's net equity would be excluded from such liquidation. Accordingly, the Debtor's Plan need not make provision for distribution to creditors of the value of that net equity, rendering the Plan in compliance with Section 1325(a)(4).

The Trustee's objection to confirmation of the Debtor's Plan is overruled, and the Trustee's objection to the Debtor's claim of homestead in her Chapter 13 case is overruled as moot.[6]

A separate order will issue.

Date:  January 11, 2007

_Robert Somma_
Robert Somma
United States Bankruptcy Judge

cc:  Nina Parker, Esq., for Debtor
    Patricia A. Remer, Esq., for Chapter 13 Trustee

---

[6]The Trustee is not proposing to liquidate the Residence. Her sole purpose in objecting to the claim of exemption was to support her objection to confirmation. The Court has determined that the plan may be confirmed even if the claim of exemption were disallowed. Therefore, the claim of exemption is not in controversy, and accordingly the Trustee's objection to it is moot.